Pearson, J.
 

 The plaintiff has no right to complain of the instructions. It is true, the trustee took a short way of closing the “establishment” at Pine Grove. It is not usual to sell goods that are not present — more unusual to sell them in one lot — and still more so to include in the same oiler any balance due . for goods sold under a contract ot agency, as to which no account had been rendered, and the amount whereof was indefinite and unascertained. But stripped of the circumstance of its being done at public auction, which was a mere farce, for no one but the defendants could be expected to bid, the transaction is simply this : the trustee asks the bailees and agents, who have the goods in hand and are liable under the contract, what sum in gross they will give for the goods and claim ; they offer $375, which is accepted. This takes place in the presence of the plaintiff, who makes no objection.
 

 The cases of
 
 Bird
 
 v.
 
 Benton, Governor
 
 v.
 
 Freeman, West
 
 v.
 
 Tilghman,
 
 9 Ire. 165, were cited. The principle involved in that class of cases has no application to this. Thére, the sale was made by a
 
 third person
 
 and the owner stood b}' — here, as to the goods, the sale was made by the legal owner, and as to the claim for goods sold, by the trustee and agent of the plaintiff, and the price was to be applied to the payment of his debts.
 

 A distinction ought to have been taken on the trial be. tween the goods, and the claim for the goods sold. By the deed of trust, the goods vested in Black, as legal owner — such as were sold afterwards were sold for him, and such as remained on hand belonged to him. So, in respect to the goods, the plaintiff was not entitled to recover, independent of his assent, and his remedy, if any, was in equity, for a breach of trust and fraud between the trustee and the .defendants^
 

 
 *323
 
 The amount, due for goods sold before the deed of trust, (we presume there was something due, although the case does not so state, but leaves it as a matter of inference,) was a chose in action, and the legal title did not pass. The effect of the deed was to make Black the agent of the plaintiff, with power to receive or sue for the sum due, in the name of the plaintiff, to be applied, when collected, to the purposes of the trust. Black had authority to make a settlement, agree upon the balance, and give an acquittance. So that the defendants were under the necessity of relying upon the alleged assent of the plaintiff, only to show, that he, having the legal title, and with full notice by his presence and silence, gave his sanction to the unusual manner of closing the business ; and that a sum in gross was received in satisfaction of the choses in action for and on his account, and by his authority. This, if true, sustained the plea of “accord and satisfaction.”
 

 It is not stated how much was due, but, if it, together with the value of the goods, exceeded $375, the receipt of that sum by the plaintiff, through his agent the trustee, was a satisfaction.
 

 The case does not fall within the principle, that a less sum received in payment, cannot be a discharge of a greater sum, as held in
 
 Cumber
 
 v.
 
 Wayne,
 
 reported in Strange, and cited in 1st Smith’s leading cases 147 ; for the principle is confined to cases, where the sum due is certain, and does not apply to a case like the present — an unliquidated demand of pecuniary damages, depending upon the extent of the sales made by the defendant.-'.
 
 Longridge
 
 v.
 
 Derrick,
 
 5 B. & A. 117, id. note 149.
 

 The plaintiff did not show a right to recover at law. Whether the circumstances, under which the sale was made, and the fact that no account was rendered by the defendants, whose duty it was to keep an account, will entitle him to relief in equity, and the effect of the assen t
 
 *324
 
 in that Court, are questions, about which we are not now called on to give an opinion.
 

 Per Curiam.
 

 Judgment affirmed..